**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANIKO C. SMITH, | No. 19-17514 |
| Petitioner-Appellant, | D.C. No.<br>2:12-cv-00952-APG-VCF |
| v. | |
| BRIAN E. WILLIAMS, Sr.; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 31, 2021**
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Nevada state prisoner Taniko C. Smith appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § § 1291 and 2253. We review the district court's decision de novo, *see Smith v. Ryan*, 823 F.3d 1270, 1278 (9th Cir. 2016), and we affirm.

Smith contends that the aiding and abetting instruction given at his trial violated due process because it eliminated the specific intent element required to prove murder and attempted murder. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we give considerable deference to state court decisions. Habeas relief may only be granted if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[1]  28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011).  Neither is present in this case.  The challenged instruction amply informed the jury of the requisite mental state and did not have "the effect of relieving the State of the burden of proof" on this critical question.  *See Sandstrom v. Montana*, 442 U.S. 510, 521 (1979); *see also Waddington v. Sarausad*, 555 U.S. 179, 190-92 (2009).

---

[1] Even if we were to agree with Smith that de novo review applied, his claim would still fail.

2

**AFFIRMED.**